IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCY LUSHER, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 10-88 E |
| | ) Magistrate Judge Maureen P. Kelly |
| FRANKLIN AREA SCHOOL DISTRICT, | ) |
| Defendant. | ) [ECF No. 27] |

## OPINION AND ORDER

**KELLY, Magistrate Judge**

Presently before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6) filed by Defendant Franklin Area School District ("Defendant" or the "District"). [ECF No. 27].   Plaintiff Marcy Lusher ("Plaintiff" or "Lusher") filed her Second Amended Complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq.,  and the Pennsylvania Human Relations Act ("PHRA"), 42 Pa.C.S.A. §§ 951, claiming she has been subjected to gender discrimination and a hostile work environment (Counts I and III) and suffered retaliation for filing grievances due to gender-based disparate treatment (Counts II and IV).  [ECF No. 25].   Defendant seeks dismissal of Plaintiff's claims on the basis that Plaintiff has not pled sufficient facts to render her claims plausible.  For the reasons discussed herein, Defendant's Motion to Dismiss is DENIED.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Because this matter comes to the Court on a Rule 12(b)(6) Motion to Dismiss, the factual allegations set forth in Plaintiff's Second Amended Complaint are accepted as true.  Hemi Group, LLC v. City of NY, ___ U.S. ___, 130 S. Ct. 983, 986-87 (2010) (citing Leatherman v.

1

Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993)).  The pertinent facts follow.

Plaintiff is a female who has been employed as a teacher by Defendant Franklin Area School District since 1997.  [ECF No. 25 ¶ 6, 8].   From the time of her hiring until the fall of 2008, Plaintiff received unwanted attention from male teachers in her assigned building, but did not report the incidents as she did not feel threatened or intimidated. [ECF No. 25, ¶ 9] In the fall of 2008, Plaintiff was engaged to marry a male teacher in her building and soon after began to suffer harassment which Plaintiff attributes to her gender. [ECF No. 25, ¶ 10].  In particular, Plaintiff alleges that in fall 2008, male colleagues began to leer and stare at her, stomping their feet and grunting as she passed them in the hallway.  Plaintiff was berated and ridiculed in front of students, and her relationship with her fiancé was openly discussed in the school hallway by male colleagues until his untimely death in March of 2009.  Plaintiff was not permitted bereavement leave in conjunction with the death of her fiancé and was subsequently singled out for reprimand for purported violations of rules that were not routinely enforced as to other teachers.  During a meeting with Plaintiff, Plaintiff's union representative and District officials, the District superintendent indicated that Plaintiff was being harassed because of her appearance as he pointed to a picture of Plaintiff in the school yearbook. [ECF No. 25, ¶¶ 10 a-f].

Beginning in the fall of 2008, Plaintiff complained to her building principal about the harassment she was receiving. [ECF No. 25, ¶ 17].  Following her complaints, she was reprimanded about leave usage, classroom management for permitting students to eat lunch in her classroom, and professionalism with regard to her handling of an incident when a student placed tape on her pants.  Plaintiff's leave and lunchtime procedures were in line with other teachers and while her principal informed her that she was one of his best teachers, he stated that

he "didn't need her 'drama.'" [ECF No. 25, ¶¶ 10 g-h, 19 b-l]. In addition, following the filing

of an administrative complaint of discrimination, Plaintiff was issued a substandard performance

evaluation. When Plaintiff asked her principal why her evaluation had changed from prior years,

"she was told that there had to be something to reflect what she had done." [ECF No. 25, ¶ 19 j].

In her complaint filed with the Equal Employment Opportunity Commission ("EEOC")

and cross-filed with the Pennsylvania Human Relations Commission ("PHRC"), Plaintiff

complained that she was subjected to unlawful gender discrimination. A Right to Sue letter was

issued by the EEOC on January 25, 2010, and by the PHRC on March 8, 2010. [ECF No. 25-1,

25-2]. Plaintiff filed her initial complaint with this Court on April 15, 2010, and subsequent to

the filing of a Motion to Dismiss by Defendant, Plaintiff was granted leave to file two successive

amended complaints to reflect additional gender and retaliation claims filed with the EEOC and

PHRC. [ECF No. 19 and Text Orders dated March 10, 2011 and May 25, 2011]. Defendant

filed a Motion to Dismiss the Second Amended Complaint and Plaintiff filed a Response in

Opposition to Motion to Dismiss and a brief in support thereof. [ECF Nos. 30, 31]. As briefing

has concluded, the motion is ripe for disposition.

## II.    STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which

relief may be granted, the Court must "'accept all factual allegations as true, construe the

complaint in the light most favorable to Plaintiff, and determine whether, under any reasonable

reading of the complaint, Plaintiff may be entitled to relief.'" Phillips v. County of Allegheny,

515 F.3d 224, 231 (3d Cir. 3008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7

(3d Cir. 2002)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)); see also Fowler v. UPMC Shadyside, 578 F.3d 302, 210 (3d Cir. 2009) and FED. R. CIV. P. 8(a)(2) (providing that a valid complaint requires only "a short and plain statement" of the claim showing entitlement to relief).  The United States Supreme Court in Iqbal clarified that the decision in Twombly "expounded the pleading standard for 'all civil actions.'"  Iqbal, 129 S. Ct. at 1953; Fowler, 578 F.3d at 210-11.  The Court further explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted.  Iqbal 129 S. Ct. at 1949, 1953.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 1949 (citing Twombly, 550 U.S. at 555); see also Fowler, 578 F.3d at 210; and Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).

The determination of whether a complainant has sufficiently pled a claim "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at1950 (citing Twombly, 550 U.S. at 556); see also Fowler, 578 F.3d at 210-11 (holding that in light of Iqbal, a district court should first separate the factual and legal elements of a claim and then, accepting the "well-pleaded facts as true," "determine whether the facts" pled are "sufficient to show a 'plausible claims for relief.'").  Ultimately, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).

III.    **DISCUSSION**

A.    **Hostile Work Environment**

The Supreme Court first recognized a hostile work environment as a basis for a

discrimination claim under Title VII in <u>Meritor Savings Bank, FSB v. Vinson</u>, 477 U.S. 57, 65-

68 (1986), a case claiming sexual harassment. A hostile work environment is now established as

a basis for harassment claims charging discrimination against a protected class. <u>See</u> <u>National</u>

<u>R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 115 (2002); <u>Faragher v. Boca Raton</u>, 524 U.S.

775, 786-87 (1998); <u>Cardenas v. Massey</u>, 269 F.3d 251, 260 (3d Cir. 2001); <u>Abramson v.</u>

<u>William Patterson College of New Jersey</u>, 260 F.3d 265, 276-277 (3d Cir. 2001); <u>Mufti v.</u>

<u>Aarsand & Co., Inc.</u>, 667 F. Supp.2d 535, 544-545 (W.D. Pa. 2009).

Likewise, the PHRA provides that "[i]t shall be an unlawful discriminatory practice ...

[f]or any employer because of the ... sex ... of any individual ... to refuse to hire or employ or

contract with, or to bar or to discharge from employment such individual, or to otherwise

discriminate against such individual ... with respect to compensation, hire, tenure, terms,

conditions or privileges of employment or contract." 43 P.S. § 955(a).   "The Pennsylvania

courts have held that hostile work environment claims are cognizable under the PHRA." <u>Hubbell</u>

<u>v. World Kitchen, LLC</u>, 688 F.Supp.2d 401, 419 (W.D. Pa. 2010) (citing <u>Phila. Hous. Auth. v.</u>

<u>Am. Fed'n of State, County & Mun. Employees</u>, 956 A.2d 477, 484 (Pa.Commw.Ct. 2008); <u>Raya</u>

<u>& Haig Hair Salon v. Pa. Human Relations Comm'n</u>, 915 A.2d 728, 732-733 (Pa.Commw.Ct.

2007); <u>Infinity Broad. Corp. v. Pa. Human Relations Comm'n</u>, 893 A.2d 151, 157-59

(Pa.Commw.Ct. 2006)).   Moreover, "[t]he proper analysis under Title VII and the Pennsylvania

Human Relations Act is identical, as Pennsylvania courts have construed the protections of the

two acts interchangeably." Huston, 568 F.3d at 104 n. 2 (3d Cir. 2009) (quoting Weston v.

Pennsylvania, 251 F.3d 420, 426 n. 3 (3d Cir. 2001) (citations omitted)).

In order to establish a hostile work environment claim under Title VII, a plaintiff must

show that (1) she suffered intentional discrimination because of her gender; (2) the

discrimination was pervasive and regular; (3) it detrimentally affected her; (4) it would have

detrimentally affected a reasonable person of the same protected class in her position; and (5)

there is a basis for vicarious liability. See Andreoli v. Gates, 482 F.3d 641, 643 (3d. Cir. 2007).

Defendant asserts that Plaintiff cannot sustain her cause of action for hostile work

environment because she has not pled facts establishing that she suffered discrimination because

or her gender or, alternatively, has failed to plead facts establishing that she suffered a level of

actionable harassment. In order to establish a hostile work environment claim, Plaintiff must

plead facts demonstrating that the workplace is permeated with discriminatory intimidation,

ridicule, and insult, sufficiently severe or pervasive to alter the conditions of the victim's

employment and create an abusive working environment. Harris v. Forklift Systems, Inc., 510

U.S. 17, 21 (1993).  Plaintiff must further establish that the abusive environment is predicated

upon her gender.

In determining whether a work environment is sufficiently hostile, the court must

consider the totality of the circumstances, including: "the frequency of the discriminatory

conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive

utterance; and whether it unreasonably interferes with an employee's work performance." Harris,

at 23.  Conduct that is "merely offensive," or which has the effect of making the employee's life

at work merely unpleasant or uncomfortable, is, without more, not actionable.  Harris, at 21. The

"mere utterance of an ... epithet which engenders offensive feelings in an employee," is not

sufficiently significant as to effect the conditions of employment and thereby violate Title VII.
Id.  However, where averments seek to show that authority has been undercut, or abuse has
occurred in front of others, or criticism is unwarranted, and these actions are alleged to have been
motivated by gender, a plausible claim of Title VII liability has been alleged.  See, Forrest v.
Owen J. Roberts School Dist., No. 09-3014, 2011 WL 1549492 *10 (E.D. Pa. April 1,
2011)(citing Koshoff v. Henderson, 109 F. Supp.2d 332, 346 (E.D. Pa.  2000)).

In the case at issue, Plaintiff in the Second Amended Complaint alleges:

10 (b).    From the fall of 2008 through the present, Plaintiff has been subjected to
harassment by several of her male colleagues including leering and staring at
her, stomping their feet and grunting when she passes them in the hall, berating
and ridiculing her in front of students, discussing her in front of students, and,
prior to March 2009, holding frank discussions in the hall concerning the
relationship she had with her fiancé.

10 (f).    During a meeting between Plaintiff's union representative and Mr. Paranick, the
school superintendent, the union representative asked why he was harassing
Plaintiff.  Mr. Paranick responded by pointing our Plaintiff's picture in the
yearbook and stating that Plaintiff brought it on herself, implying that the
harassment of Plaintiff was justified due to her appearance.

Plaintiff further alleges that after complaining to appropriate supervisory personnel about the
harassment from her male colleagues, she was singled out for discipline and treated differently
for purposes of leave and classroom management issues, affecting her performance evaluation
for the relevant school year.  [ECF No. 25, ¶ 17, 19].

Contrary to Defendant's characterization of the Second Amended Complaint as simply
setting forth unprofessional conduct, this Court finds that the allegations of crude behavior
directed at Plaintiff in front of students and based upon her sex, coupled with disparate treatment
altering the conditions of her employment, if true, are sufficient to state a plausible claim for

relief under both Title VII and the PHRC.  Accordingly, Defendant's Motion to Dismiss

Plaintiff's claims for hostile work environment is denied.

###    B.    Retaliation

Plaintiff also asserts claims against Defendant under the antiretaliation provisions of Title

VII and the PHRA.  Defendant's Motion to Dismiss seeks dismissal of these claims as wel.

Title VII's antiretaliation provision, which is codified at 42 U.S.C. § 2000e-3(a),

provides:

§ 2000e-3. Other unlawful employment practices

(a) Discrimination for making charges, testifying, assisting, or participating in
enforcement proceedings. It shall be an unlawful employment practice for any
employer to discriminate against any of his employees or applicants for
employment, for an employment agency, or joint labor-management committee
controlling apprenticeship or other training or retraining, including on-the-job
training programs, to discriminate against any member thereof or applicant for
membership, because he has opposed any practice made an unlawful employment
practice by this subchapter [VI. Equal Employment Opportunities], or because he
has made a charge, testified, assisted, or participated in any manner in an
investigation, proceeding, or hearing under this title [42 U.S.C. §§ 2000e-2000e-
17].

42 U.S.C. § 2000e-3(a). The first clause of § 2000e-3(a) is known as the "opposition clause,"

while the second clause of this statute is known as the "participation clause." Crawford v. Metro.

Gov't of Nashville & Davidson County, 555 U.S. 271, 274 (2009).

The PHRA contains its own antiretaliation provision, which contains opposition and

participation clauses similar to those contained in § 2000e-3(a). The PHRA's antiretaliation

provision, which is codified at 43 Pa. Stat. § 955(d), provides:

§ 955. Unlawful discriminatory practices

It shall be an unlawful discriminatory practice ...

* * *

8

(d) For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

43 Pa. Stat. § 955(d). The statutory language contained in the PHRA's antiretaliation provision is similar to that contained in Title VII's antiretaliation provision in that it proscribes discrimination against an individual who in any manner opposes an unlawful discriminatory practice, or who in any manner assists in an inquiry involving allegations concerning an unlawful discriminatory practice. For this reason, in the absence of contrary guidance from the Pennsylvania courts, the United States Court of Appeals for the Third Circuit has construed the PHRA's antiretaliation provision coextensively with Title VII's antiretaliation provision. Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007).

In order to prevail on a claim for retaliation under Title VII or the PHRA, an employee must prove that (1) she engaged conduct that was protected under the relevant statutory provision; (2) her employer took an adverse employment action after or contemporaneous with the protected activity, and (3) a "causal link" exists between the adverse action and the protected activity. Weston v. Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001).

Plaintiff's Second Amended  Complaint alleges that beginning in the fall of 2008, she began to complain to her building principal, Mr. Forster, concerning the sexual harassment she was subjected to by her male colleagues.  ECF No. 25, ¶ 17.  Plaintiff alleges that upon lodging her complaints, she was subjected to a series of adverse employment actions, including being denied bereavement leave typically granted all employees; being singled out for discipline; and being reprimanded for classroom management and attendance issues, culminating in her first substandard performance evaluation.  [ECF No. 25, ¶¶ 19 a-j].    At this initial stage of the

litigation, after reviewing the Second Amended Complaint as a whole and viewing it in the light most favorable to Plaintiff, the Court finds that Plaintiff has set forth a plausible claim for retaliation based upon her complaints of colorable violations of Title VII and the PHRA and the materially adverse consequences sustained after she engaged in protected conduct. Accordingly, Defendant's Motion to Dismiss Plaintiff's Title VII and PHRA claims for retaliation is DENIED.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 37] is DENIED. An appropriate Order follows:


AND NOW, this 23rd day of February 2012, it is HEREBY ORDERED that Defendant's Motion to Dismiss is DENIED.


/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc:     All counsel of record by Notice of Electronic Filing